CV5-500 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00500-CV







Rodney Solar, Appellant



v.



State of Texas, Appellee







FROM THE COUNTY COURT AT LAW OF COMAL COUNTY


NO. CCL-1006, HONORABLE FRED CLARK, JUDGE PRESIDING







PER CURIAM



 Rodney Solar appeals from a trial-court judgment awarding a horse trailer to the
State. Officers from the Comal County Sheriff's Department, with Solar's consent, searched his
property looking for an allegedly stolen horse. (1) The Sheriff's Department seized the trailer
because it had no vehicle identification number. Tex. Transp. Code Ann. § 501.158 (West 1996)
(Certificate of Title Act). (2) After a hearing under article 47.01a of the Texas Code of Criminal
Procedure, the court rendered judgment awarding the trailer to the State.

 Solar brings three points of error, contending that the trial court erred in not
returning the vehicle to him because he had the superior right to possession; in not finding
appellant the "true owner" of the property; and in finding that there was probable cause that the
trailer was acquired by theft or by another manner that made its acquisition an offense. We will
reverse the trial-court judgment.

Certificate of Title Act


 The State seized the trailer under provisions of the Certificate of Title Act (the
"Act"):



(a) A peace officer may seize a vehicle or part of a vehicle without a warrant
if the officer has probable cause to believe that the vehicle or part:


 (1) is stolen; or


 (2) has had the serial number removed, altered, or obliterated.


(b) A vehicle or part seized under this section may be treated as stolen property
for purposes of custody and disposition of the vehicle or part.



Act, § 501.158.

 The trial court awarded the vehicle to the State under the provisions of the Code
of Criminal Procedure allowing disposition of stolen property when no criminal action relating
to that property is pending. Tex. Code Crim. Proc. Ann. art. 47.01a (West Supp. 1996)(article
47.01a). Under article 47.01a(b),



[i]f it is shown in a hearing that probable cause exists to believe that the property
was acquired by theft or by another manner that makes its acquisition an offense
and that the identity of the actual owner of the property cannot be determined,
[then the property may be awarded to the State or destroyed].



Under article 47.01a(c), at that hearing,



any interested person may present evidence showing that the property was not
acquired by theft or another offense or that the person is entitled to possess the
property.



The State argues that article 47.01a means that if a piece of property has ever been stolen, then
the property must be forfeited to the State, regardless of the manner in which the person from
whom the property was seized acquired that property. However, we need not interpret article
47.01a in order to decide this cause because the State had no basis to seize the trailer.

 Under the Act, the State may seize a vehicle and treat it as stolen property if there
is probable cause to believe the vehicle is stolen or has had the serial number removed, altered
or obliterated. Act, § 501.158. The Act, however, does not apply to a trailer used only for the
transportation of farm products if the products are not transported for hire. Act, § 501.004. 

 Solar introduced into evidence a receipt from the Texas Department of
Transportation showing that the vehicle was a non-titled farm trailer under section 501.004. 
Therefore, the Act does not apply to the trailer. The only evidence offered as probable cause to
treat the trailer as stolen was the absence of vehicle identification numbers in any of the usual
locations and testimony that a weld occurred in one usual location of an identification number,
which might indicate alteration of a number. The State offered no evidence that the vehicle was
actually stolen but simply relied on the presumption created by the Act when identification
numbers are altered or missing. Because the trailer is not covered by the Act, the State cannot
seize the trailer based only on a presumption created by a statute that does not apply to it.

 Although we share the State's concern about traffic in stolen goods, we note that
the State has other remedies. For example, the Texas Penal Code contains provisions that make
tampering with identification numbers an offense. Tex. Penal Code Ann. § 31.11 (West 1994). 
A person commits an offense if he possesses property and either knows that the serial number or
other permanent identification marking has been removed, altered or obliterated or a reasonable
person in the actor's position would have known that the serial number had been tampered with. 
Id. § 31.11(a)(2)(A)(B).

 We sustain appellant's third point of error that no evidence supports the trial court's
finding of probable cause that the trailer was stolen and do not reach appellant's other two points. 
Accordingly, we reverse the trial-court judgment and render judgment that Solar recover the
trailer.


Before Chief Justice Carroll, Justices Aboussie and Kidd

Reversed and Rendered

Filed: August 14, 1996

Do Not Publish
1.   Mr. Solar was never charged with stealing the horse for which the officers were
searching.
2.   Formerly, Tex. Rev. Civ. Stat. Ann. art. 6687-1. Act of May 1, 1995, 74th Leg., R.S.,
ch. 165, § 1, 1995 Tex. Gen. Laws 1025, 1025-1871. Because the codification was non-substantive, the current Code will be cited for convenience.